U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 3 2006

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

DONALDLEE "WADE" GLOVIER and
KELLY ANN GLOVIER

FILING RECORD NUMBER: 120394
BOSSIER PARISH, LA
'06 JUN 21 AM 8:28

VERSUS                              JUDICIAL DISTRICT COURT

BARTON HOMES, LLC, and EVERHOME
MORTGAGE COMPANY                    BOSSIER PARISH, LOUISIANA

DIV. C - COX

## PETITION

NOW INTO COURT, through undersigned counsel come plaintiffs, DONALDLEE "WADE" GLOVIER and KELLY ANN GLOVIER, who respectfully seek judgment against defendants, BARTON HOMES, LLC, and EVERHOME MORTGAGE COMPANY, jointly, severally and in solido, to the extent alleged, as follows:

1.

Plaintiffs, DONALDLEE "WADE" GLOVIER and KELLY ANN GLOVIER, are husband and wife in community and major domiciliaries of Benton, Bossier Parish, Louisiana, with their residence located at 233 East Pointe Drive, Benton, Bossier Parish, Louisiana.

2.

Plaintiffs are consumers who contracted with defendant, BARTON HOMES, LLC, ["BARTON"], for the construction of a modular home on land, which were both the subject of the transaction.

3.

Made defendants are: [1] BARTON HOMES, LLC, a Louisiana limited liability company, with its members and primary place of business located in Bossier City, Bossier Parish, Louisiana and which may be served with legal process through its registered agent for service of process: ROBERT E. BARTON, 3500 E. TEXAS, BOSSIER CITY, LOUISIANA 71111; and [2] EVERHOME MORTGAGE COMPANY, a foreign corporation authorized to do and doing business in Bossier Parish, Louisiana, which may be served with legal process through its registered agent for service of process: CT CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LOUISIANA 70809.

4.

This Honorable Court has jurisdiction over the subject matter of this controversy and venue is proper as the contract forming the basis of this lawsuit was entered into by the parties in this Parish and plaintiffs and defendants agreed to have work, services and goods/things provided



ENDORSED, FILED 6-21 20 06
LISA G. DURBIN
DEPUTY CLERK
A TRUE COPY ATTEST

**5:06cv1323
JUDGE WALTER
MAG. JUDGE HORNSBY**

by defendants to plaintiffs in this Parish.

5.

On December 13, 2004, plaintiffs entered into a contract with defendant BARTON to purchase land [generally described as Lot 10, East Pointe Subdivision, Benton, Bossier Parish, Louisiana] and to have defendant BARTON construct a modular home on said property.

6.

On December 13, 2004, plaintiffs and defendant BARTON entered into a Cash Sale Deed whereby defendant BARTON sold to plaintiffs the aforementioned property [generally described as Lot 10, East Pointe Subdivision, Benton, Bossier Parish, Louisiana], together with a modular home to be constructed and built by defendant BARTON for the sum of one hundred ninety thousand and no/100 [$190,000.00] dollars.

7.

The Cash Sale Deed was executed, recorded and filed in the Mortgage and Conveyance Records for the Clerk of Court of Bossier Parish, Louisiana, on December 14, 2004.

8.

Defendant BARTON arranged for financing of the sale and construction contract through a related lending institution.

9.

Concurrently, on December 13, 2004, Plaintiffs executed a mortgage and evidence of indebtedness in favor of First Family Mortgage Corp., of Apex, North Carolina, in the sum of one hundred ninety thousand and no/100 [$190,000.00] dollars, thereby securing the land purchase and modular home construction contract.

10.

Plaintiffs were lead to believe that defendant BARTON maintained credentials and licensing as a residential contractor but have subsequently learned that defendant BARTON has no such required license.

11.

Said mortgage was likewise executed, recorded and filed in the Mortgage and Conveyance Records for the Clerk of Court of Bossier Parish, Louisiana, on December 14, 2004.

12.

In order to perfect the sale and construction contract, defendant BARTON had Mrs.

Glovier execute a Certificate of Substantial Completion, although plainly the construction contract was not substantially completed.

13.

Unbeknownst to plaintiffs, the construction was not substantially completed and the construction which had taken place as of that date was done so in a manner which was not proper, reasonable or workman-like.

14.

The failure to complete construction and failure to complete punch lists have resulted in further problems with the structure.

15.

Defendant, as part of the aforementioned Certificate of Substantial Completion promised to complete construction within ten [10] days of receipt of the punch lists.

16.

First Family Mortgage Corp. transferred and assigned plaintiffs' mortgage and note to defendant EVERHOME..

17.

Defendant EVERHOME is the holder of a consumer credit contract, containing the FTC Holder language, pursuant to 16 CFR 433, et. seq., and EVERHOME is subject to contractual and legal liability unto plaintiffs and actually "stands in the shoes of" Defendant BARTON, subject to the only limitation of the FTC Holder Rule, that being the maximum amount of monies paid by plaintiffs under the contract.

18.

Defendant EVERHOME is liable unto plaintiffs for return of the entire sum of monies paid under the mortgage and note, including monies paid to Defendant BARTON and any intermediary assignee or holder of the subject note and mortgage.

19.

Plaintiffs were to receive a modular, constructed home, which together with the land, would be valued at $190,000.00, however plaintiffs did not receive the promised home or value claimed by Defendant BARTON, through its representatives and employees.

20.

Plaintiffs' modular, constructed home is not completed and, despite amicable demands to

Defendant BARTON, Defendant BARTON is unable or unwilling to complete the construction and additional problems have resulted by the incomplete and defective work done.

21.

The problems and defects appear to be in the construction by Defendant BARTON and not in the modular components, supplied separately, by a third party contract to Defendant BARTON.

22.

The following problems, defects and unworkmanlike conditions exist in the modular home constructed by Defendant BARTON under its contract with plaintiffs:

[1]   On the end nearest the attic stairway is a broken truss strut caused by defendant BARTON.

[2]   Trash left in your attic from A/C duct installation and installation of four turbine vents.

[3]   Strapping intended to fasten the two halves of the modular home together was not being used by Defendant BARTON. The straps make the mechanical connection across the top of the ceiling beam at the marriage wall. If the straps were not needed, the straps would not have been included.

[4]   At least two sets of lag screws used to pull and hold the two halves of the ceiling beam together were not used by Defendant BARTON. If the screws were not needed, the screws would not have been included.

[5]   Vertical truss struts were toe-nailed with roofing tacks instead of #8 commons. The strut is split out where nailed.

[6]   The Attic staircase trim does not fit.

[7]   Patches made to walls are not finished.

[8]   Windows are missing trim.

[9]   There are gaps between the ceiling mold and the wall.

[10]  There are screw holes that either trim or paint did not cover.

[11]  There are gaps in ceiling mold joints.

[12]  The walls in the hallway are crooked and the conditions are very apparent and visible.

[13]  There are cracks in the sheetrock above many doors.

[14]  Sheetrock tape in the corner of Bathroom #2 is wrinkled, and the paint at the top of the shower is mismatched.

[15]  The door trim does not fit in the mitered corners.

[16]  Door jambs which cover the marriage wall are gapped open and/or missing trim.

[17]  Paint on repaired walls does not match the existing original paint and is very obvious.

[18]  Many outlets and switches are loose in the wall or have been improperly cut and then improperly refinished.

[19]  Counter tops in the bath and kitchen have developed cracks between wall and counter tiles most likely due to some sort of settling.

[20]  Several pieces of ceiling mold and base mold as well as other trim are missing throughout the home.

[21]  There are cracks in the sheetrock under cabinets.

[22]  Cabinets are pulling away from the wall.

[23]  Floor deck fasteners have worked their way through the sheet good floor in the kitchen area.

[24]  Floor joists are 2'x10" x15'-4" on 16" centers and are too long for the span, according to the U.S. spans for U.S. species.

[25]  The entire master bedroom floor feels spongy, and doors to the cabinet rattle when a person walks across it.

[26]  Door hardware was improperly installed on the master bath door.

[27]  Gaps between baseboard and the walls are common throughout.

[28]  Loose trim is on the exterior of the home.

[29]  Gaps exist between the fascia and soffit.

[30]  Fascia boards do not match in color.

[31]  Fascia trim on the back right corner is broken.

[32]  On the rear of the home, a hole had been broken through the perimeter block wall to repair a leak. It was never repaired and was left open, which is allowing varmints and snakes to get under the home.

[33]  The pipes were never insulated.

[34]  The underpinning and insulation were never repaired.

[35]  There are damages in two areas, one at the roof and one down low on the vinyl siding, which was caused by a shipping strap. These were never repaired.

[36]  The front bathroom window was installed crooked and needs to be realigned.

[37] Two entry wells on the ends of the home retain water. The one on the right end had a pump installed. The drain line was not properly installed or drained.

[38] The underneath side of this home is basically inaccessible due to the ground being so close to the bottom of the home.

[39] Dirt dug out of the perimeter beam was pitched over into the middle causing the low clearance.

[40] The underpinning and insulation has sagged so low that short pieces of lumber and cinder block were placed in some areas to support them.

[41] The cover to the access holes was designed and built to lie flat. It was then covered with shingles. Because it lies flat, the cover leaks and has damaged the sheathing. The cover should have been installed on a slope and hinged for easy access.

[42] The plumbing in the home is not properly tied together.

23.

Defendant BARTON breached its contract with plaintiffs.

24.

Defendant BARTON failed to construct the residential dwelling and home in a proper, lawful and workmanlike manner.

25.

Defendant BARTON violated the installation standards provided under the applicable codes and standards referenced and provided for in Louisiana Revised Statutes including the Uniform Standards Code for Manufactured Housing [National Manufactured Home Construction and Safety Standards Act of 1974] and any construction or installation-related standards adopted by the Louisiana Manufactured Housing Commission.

26.

Defendants are liable in solido for all damages and awards, up to the FTC Holder Cap provided for in 16 CFR 433, et. seq., and damages beyond the cap are the responsibility of Defendant BARTON.

27.

Plaintiffs seek to rescind the sale of the land and modular home components.

28.

Plaintiffs alternatively seek reduction of the purchase price [quanti minoris] of the land

and modular home components.

29.

Plaintiffs have suffered damages due to Defendant BARTON's breach of express and implied warranties.

30.

Plaintiffs assert claims under the Title 51 of the Louisiana Revised Statutes as Defendant BARTON has engaged in unfair and deceptive trade practices and plaintiffs have been damaged by those acts and omissions.

31.

Defendant BARTON had agreed to repair and attempt to repair the faulty workmanship and defects complained of herein.

32.

Plaintiffs have suffered damages due to defendants' negligence, imprudence and want of skill.

33.

Plaintiffs have suffered damages due to defendant BARTON's negligence, imprudence and want of skill in selecting its subcontractors, employees and other agents used in attempting to construct and make works upon plaintiffs' property.

34.

Plaintiffs have suffered damages due to Defendant BARTON's breach of contract with plaintiffs.

35.

Plaintiffs also assert an action in redhibition, as the problems presented are such redhibitory in nature. When taken as a whole, the defects render the dwelling useless in that its use is so inconvenient that plaintiffs would not have bought the dwelling had they known of such defects.

36.

Alternatively, plaintiffs assert that the redhibitory defects in the dwelling diminished the usefulness of the dwelling and its value to such a degree that plaintiffs would not have paid the price they did if plaintiffs had known such defects would exist.

37.

The dwelling plaintiffs had Defendant BARTON construct was a special design and structure where plaintiffs planned to reside and live for many years.

38.

Plaintiffs carefully planned said dwelling with Defendant BARTON.

39.

Plaintiffs carefully planned all aspects of the construction and site to suit their particular lifestyles and needs.

40.

A principal object of the contract to construct the dwelling was the intellectual enjoyment of plaintiffs.

41.

Plaintiffs have been deprived of the use and utility of the dwelling which they contracted and paid for.

42.

Defendant BARTON failed to provide the object of the contract.

43.

Plaintiffs have been deprived of the pleasure of the use of the object contracted and paid for.

44.

Plaintiffs have suffered a loss of the physical gratification which they reasonably expected, contracted for and paid for.

45.

Plaintiffs have suffered pecuniary, non-pecuniary, general and special damages as a result of defendants' actions, inactions and fault. Plaintiffs have sustained special damages, including but not limited to: extraordinary out-of-pocket expenses associated with living in an incomplete and defective dwelling, contractor fees, excessive interest and other charges, costs associated with efforts to mitigate damages associated with the problems and defects listed above, embarrassment, aggravation, inconvenience, and the like.

46.

Plaintiffs seek any and all damages reasonable and afforded by law.

47.

Plaintiffs are entitled to and request a trial by jury. The amount of damages sought by plaintiffs exceed $50,000.00, exclusive of costs and interest demanded.

WHEREFORE PLAINTIFFS, DONALDLEE "WADE" GLOVIER and KELLY ANN GLOVIER, PRAY that this Honorable Court render Judgment in their favor and against defendants, BARTON HOMES, LLC, and EVERHOME MORTGAGE COMPANY, jointly, severally and in solido, to the extent alleged, for any and all damages reasonable in these premises, together with an award of attorneys' fees, court costs, judicial interest from demand, and other costs incurred by Plaintiffs. Plaintiffs also seek an Order requiring each defendant in this lawsuit to produce a certified copy of each and every policy of insurance, including declarations page[s], which may or will afford coverage for the allegations in Plaintiffs' Petition, within thirty [30] days of receipt of this Petition and Order, and to file said policies with the Clerk of this Court for placement into the suit record of these proceedings, with a copy of said policies sent to counsel for plaintiffs. FURTHER PRAY for an Order directing Defendant EVERHOME MORTGAGE COMPANY to file into the record of these proceedings, within thirty [30] days of receipt of this Petition and Order, an accounting of all monies paid by plaintiffs under the note and mortgage referenced in the Petition as of the date of the filing of the Petition in this Lawsuit.

FURTHER PRAY for any and all equitable relief necessary or proper in these premises.

Respectfully submitted:

BODENHEIMER, JONES & SZWAK

By: _____
DAVID A. SZWAK, ESQ.
LBR NO. 21157
509 Market St., 7th Floor
United Mercantile Bank Building
Shreveport, Louisiana 71101
(318) 221-6444
FAX  221-6555
ATTORNEYS FOR PLAINTIFFS

PLEASE SERVE:
* BARTON HOMES, LLC,
which may be served with legal process through its registered agent for service of process: ROBERT E. BARTON, 3500 E. TEXAS, BOSSIER CITY, LOUISIANA 71111; and
* EVERHOME MORTGAGE COMPANY
which may be served with legal process through its registered agent for service of process: CT CORPORATION SYSTEM, 8550 UNITED PLAZA BLVD., BATON ROUGE, LOUISIANA 70809.

|  |  |
|---|---|
| DONALDLEE "WADE" GLOVIER and KELLY ANN GLOVIER | NUMBER: 120394 |
| VERSUS | 26TH JUDICIAL DISTRICT COURT |
| BARTON HOMES, LLC, and EVERHOME MORTGAGE COMPANY | BOSSIER PARISH, LOUISIANA |

RECEIVED
BY _____
AUG 0 3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

### ORDER

CONSIDERING PLAINTIFFS' REQUEST:

IT IS HEREBY ORDERED THAT each defendant in this lawsuit produce a certified copy of each and every policy of insurance, including declarations page[s], which may or will afford coverage for the allegations in Plaintiffs' Petition, within thirty [30] days of receipt of this Petition and Order, and file said policies with the Clerk of this Court for placement into the suit record of these proceedings, with a copy of said policies sent to counsel for plaintiffs.

IT IS HEREBY FURTHER ORDERED THAT Defendant EVERHOME MORTGAGE COMPANY file into the record of these proceedings with the Clerk of this Court, within thirty [30] days of receipt of this Petition and Order, an accounting of all monies paid by plaintiffs under the note and mortgage referenced in the Petition as of the date of the filing of the Petition in this Lawsuit.

Benton, Bossier Parish, Louisiana, this the 20 day of _June_, 2006.

FORD E. STINSON, JR.
**JUDGE**

**5:06cv1323
JUDGE WALTER
MAG. JUDGE HORNSBY**