UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONALDLEE "WADE" GLOVIER,     CIVIL ACTION NO. 06-1323
ET AL.

versus     JUDGE WALTER

BARTON HOMES, LLC, ET AL.     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**The Petition**

Donaldlee and Kelly Glovier ("Plaintiffs") filed suit in state court against Barton Homes, L.L.C. on several state law theories arising from a contract under which Barton sold land to Plaintiffs and built them a modular home on the property. Plaintiffs financed their payment price by borrowing funds from First Family Mortgage Corp., to whom they granted a mortgage for $190,000. Plaintiffs allege that the home was not built properly and that Barton is liable for breach of contract, breach of warranty, redhibition and on other Louisiana law claims. Petition, ¶¶ 1-9.

Plaintiffs allege that First Family Mortgage Corp. transferred its rights in the mortgage and note to Everhome Mortgage Company. ¶ 16. Plaintiffs name Everhome as a defendant and allege that it is the holder of a consumer credit contract containing the FTC Holder Rule notice required by federal law and that Everhome is subject to contractual and legal liability because it stands in the shoes of Barton under the FTC Holder Rule. ¶ 17. Plaintiffs allege that Everhome is obligated to return to them all money paid under the loan. ¶ 18.

**Removal; Remand Arguments**

Everhome removed the case based on an assertion of federal question jurisdiction. Everhome based the assertion on Plaintiffs' request for damages from Everhome pursuant to the FTC Holder Rule. Everhome states that, but for Plaintiffs' reliance on that federal rule, Everhome would have no liability exposure in this case as the alleged holder of a consumer contract.

Plaintiffs filed a Motion to Remand (Doc. 7) on the grounds that their reference to the FTC Holder Rule does not present a claim that arises under federal law. Plaintiffs urge that the FTC Holder Rule does not create a federal right of action and that state law provides the cause of action that they seek to enforce, under the required FTC Holder notice, against Everhome.

Everhome responds that the sale at issue was not a "consumer credit contract" and that, accordingly, neither the note nor the mortgage at issue contained the notice required by the FTC Holder Rule. Plaintiffs respond in a reply brief that they contend the underlying contract is a "consumer credit contract" and was required to have included the federal notice. The substance of that dispute need not be resolved. What is relevant for current purposes are the allegations in the petition.

**Analysis**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The presence or

absence of this "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987). The rule is often stated in different terms, and the Supreme Court has not adopted a "single, precise, all-embracing" test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties. Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 125 S.Ct. 2363, 2368 (2005). Ordinarily a federal cause of action will give rise to jurisdiction under the test, but it is not mandatory. The federal courts sometimes have jurisdiction to hear claims recognized under state law that nonetheless turn on substantial questions of federal law. Id. at 2367. On the other hand, it takes more than a federal element to provide jurisdiction over a claim. See Empire Healthchoice Assur., Inc. v. McVeigh, 126 S.Ct. 2121 (2006)(no jurisdiction over reimbursement claim brought by insurer who issued coverage to federal employee pursuant to Federal Employees Health Benefits Act).

Plaintiffs assert, and Everhome does not disagree, that the FTC Holder Rule does not create a federal private right of action. The required notice states that any holder of the consumer credit contract "is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained" pursuant to the contract or with the proceeds of the contract. Recovery by the debtor may not exceed amounts paid by the debtor to the holder of the instrument. Plaintiffs in this case merely attempt to assert "claims" within the meaning of the notice against the holder of what they allege is a consumer credit contract. Those "claims" all arise under Louisiana law. Federal law merely ensures that those claims

are not eliminated by the original holder's assignment of the consumer credit contract to a person who would otherwise be a holder in due course and not subject to any claims or defenses that the consumer might have with respect to the original holder. At least one court has recognized that this character of the FTC Holder Rule does not give rise to federal question jurisdiction. Phillips v. Lithia Motors, Inc., 2005 WL 1278850, n. 3 (D. Or. 2005).

Everhome cites Bodgess v. Lewis Raines Motors, Inc., 20 F.Supp.2d 979 (S. D. W. Va. 1998) for the proposition that the FTC Holder Rule gives rise to federal question jurisdiction. The plaintiffs in that case alleged claims under the Federal Odometer Act and pursuant to the Holder Rule. The court observed early in its decision that: "Federal question jurisdiction is premised on violations of the Odometer Act, pursuant to 28 U.S.C. § 1331, with state claims falling under the Court's supplemental jurisdiction, 28 U.S.C. § 1367." 20 F.Supp.2d at 980. The Court did later discuss claims asserted under the Holder Rule and found that when rescission and restitution are justified, the consumer may assert affirmatively against a subsequent holder of a note those claims the consumer has against the original lender. Accordingly, the plaintiffs were held to be able to maintain their claims of Odometer Act violations against the seller of the car who originally held the note as well as the bank to whom the note was assigned. The court summed up it decision by again noting that it had federal question jurisdiction against both defendants, but it never suggested that jurisdiction arose from a source other than the Odometer Act claim that was asserted directly against the seller and (via the Holder Rule) against the bank.

Everhome argues that the dispute that has arisen during the briefing about whether the FTC Holder Rule is applicable at all to the contracts at issue in this case will necessarily depend on how federal law defines "consumer credit contract." That may be, but the well-pleaded complaint rule bases federal question jurisdiction on the allegations in the complaint, and its application in this case leads to the conclusion that the court does not have federal question jurisdiction based on the assertion of state law claims, as permitted by the FTC Holder Rule, against a subsequent holder. The possibility or even likelihood that a state court would have to interpret or apply some federal law during the contest does not convert the state law claims to federal ones or otherwise support federal question jurisdiction. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrill Dow Pharmaceuticals, Inc. v. Thompson, 106 S.Ct. 3229, 3234 (1986). That rule was applied in MSOF Corp. v. Exxon Corp., 295 F.3d 485 (5th Cir. 2002) to find federal question lacking when plaintiff landowners alleged negligence and strict liability torts under Louisiana law arising from environmental issues and asserted that defendants had operated in violation of federal regulations as well. In Merrill Dow itself, the Court held that consumers' state law claims against drug manufacturers did not give rise to federal jurisdiction even though the claims depended in part on a theory that the manufacturers violated the Federal Food, Drug, and Cosmetic Act. Plaintiffs' allegation in their petition that the FTC Holder Rule serves as a conduit by which they may assert state law claims does not convert their causes of action to ones that arise under federal law, so removal

is not permitted. To hold otherwise would create federal jurisdiction over numerous consumer disputes arising from automobile sales and other consumer transactions that are, in reality, rooted in state law.

**Attorney Fees**

Plaintiffs also filed an Application for Attorneys' Fees and Costs (Doc. 11) pursuant to the provision in 28 U.S.C. § 1447(c) that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." There is no presumption in favor of awarding fees following a remand, and the use of the term "may" in Section 1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales. Martin v. Franklin Capital Corporation, 126 S.Ct. 704 (2005). That discretion is to be guided by the standard that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 711. "Conversely, when an objectively reasonable basis exists, fees should be denied." Id.

Defendants did not prevail, but it is difficult to fault them too much for attempting to remove a case in which Plaintiffs' chose to cite a federal regulation in their state court petition. Furthermore, there are few reported decisions, and none from the Fifth Circuit or Supreme Court, that address whether the FTC Holder Rule may give rise to federal question jurisdiction in a case such as this. Under the circumstances, the best exercise of the court's

discretion is to deny an award of fees and costs.

**Conclusion**

The **Motion to Remand (Doc. 7)** is **granted** and, subject to the stay set forth in the accompanying order, the case will be remanded to the 26th Judicial District Court, Bossier Parish, Louisiana. The **Application for Attorneys' Fees and Costs (Doc. 11)** is **denied**.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 13th day of September, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE